UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MEEKS,

    Petitioner,

v.

CATHERINE BAUMAN,

    Respondent.

Case No. 2:15-11821
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER TRANSFERRING PETITION [1] TO
COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION**

In 1994, a jury convicted Petitioner Anthony Meeks of second degree murder, assault with intent to murder, and felony firearm. Meeks was sentenced to a 30- to 60-year term of imprisonment, which he is presently serving. Meeks asks this Court to grant him a writ of habeas corpus.

But this is not Meeks' first such request. *See Meeks v. Robinson*, No. 98-74777, 1999 U.S. Dist. LEXIS 17916 (E.D. Mich. Oct. 27, 1999). And 28 U.S.C. § 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Nothing suggests that Meeks has complied with this statutory mandate by seeking an order from the Sixth Circuit Court of Appeals authorizing this Court to consider his petition. So if Meeks' current petition is "a second or successive habeas corpus application" within the meaning of § 2244(b), this Court must transfer the petition to the Sixth Circuit for a determination of whether this Court may consider the petition. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from

the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Although not every later-in-time petition is "a second or successive habeas corpus application" within the meaning of 28 U.S.C. § 2244(b), *see Magwood v. Patterson*, 561 U.S. 320, 332 (2010), the Court finds that Meeks' current petition is. Meeks' earlier petition was not dismissed on exhaustion grounds. *See In re Cook*, 215 F.3d 606, 607 (6th Cir. 2000) ("[A] habeas petition filed after a previous petition has been dismissed [for failure to exhaust state remedies] is not a 'second or successive' petition." (internal quotation mark omitted)). Rather, the district court deciding his first petition rejected certain claims on the merits and found others precluded from federal habeas corpus review because the state courts had found them procedural defaulted (and Meeks had not shown the requisite cause and prejudice to look past the default). *See generally*, *Meeks v. Robinson*, No. 98-74777, 1999 U.S. Dist. LEXIS 17916 (E.D. Mich. Oct. 27, 1999). And a later-in-time habeas corpus petition is not excepted from § 2244(b)'s "second or successive habeas corpus application" language simply because a prior petition was denied in part on procedural-default grounds. *See Parkhurst v. Wilson*, 525 F. App'x 736, 737 (10th Cir. 2013) ("[Parkhurst's] previous [§ 2254] motion, which also presented an ineffective assistance claim, was dismissed due to state procedural default. Because that disposition was on the merits, the current application is considered successive." (internal citation omitted)); *Carter v. United States*, 150 F.3d 202, 205 (2d Cir. 1998) ("Our sister circuits have held that the denial of a first § 2254 petition for procedural default, which default is not overcome by a showing of cause and prejudice, must be regarded as a determination on the merits in examining whether a subsequent

petition is successive." (internal quotation mark omitted)); *see also In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (seemingly citing *Carter* with approval).

Meeks current petition does assert that "after several investigating years" he discovered certain facts that support some of his habeas corpus claims. (Pet. for Habeas at 10, 12.) But the Court does not think that this means his current petition is not "a second or successive habeas corpus application" within the meaning of 28 U.S.C. § 2244(b). True, the Supreme Court and Sixth Circuit Court of Appeals have held that a later-in-time petition based on claims that were "unripe" at the time of the earlier petition are not second or successive petitions. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641–46 (1998) (finding that petitioner's later-in-time petition asserting that his pending execution would be unconstitutional under *Ford v. Wainwright*, 477 U.S. 399 (1986) was not "second or successive" where he had raised the claim in an earlier petition when it was not yet ripe); *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) (finding that petitioner's later-in-time petition asserting that his pending execution would be unconstitutional under *Ford* was not "second or successive" where, although not raised in an earlier petition, would have been unripe at that time); *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (reasoning, where amendments to the parole system occurred after petitioner had filed his initial habeas corpus petition, "Like the *Ford* claims at issue in *Panetti* and *Martinez–Villareal*, Jones's *ex post facto* claim was unripe when his initial petition was filed—the events giving rise to the claim had not yet occurred"). But unlike a claim that is unripe at the time of an earlier habeas corpus petition because events that give rise to the claim have not yet come to pass, § 2244(b) explicitly accounts for claims based on facts discovered after an earlier petition:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

3

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) *the factual predicate for the claim could not have been discovered previously through the exercise of due diligence*; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2) (emphasis added). If the Court were to find that a petition is not "a second or successive habeas corpus application" when it is based on claims that could not have been discovered (with reasonable diligence) at the time of an earlier petition, then, at least where the later-in-time petition asserts a claim "not presented in [the] prior application," the language of § 2244(b)(2)(B)(i) would be superfluous. That provision already covers the situation where "[a] claim presented in a second or successive habeas corpus application . . . not presented in a prior application" "the factual predicate" of which "could not have been discovered previously through the exercise of due diligence." A construction that renders statutory language superfluous is rarely, if ever, correct. *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157 (2004) ("Aviall's reading would render part of the statute entirely superfluous, something we are loath to do."); *Walters v. Metro. Educ. Enterprises, Inc.*, 519 U.S. 202, 209 (1997) ("Statutes must be interpreted, if possible, to give each word some operative effect.").

4

For the foregoing reasons, the Clerk of the Court shall transfer Meeks' petition to the Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether this Court may consider Meeks' habeas corpus claims.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 19, 2015.

s/A. Chubb for J. Johnson
Case Manager to
Honorable Laurie J. Michelson